MERRICK GARLAND
Attorney General
KRISTEN CLARKE
Assistant Attorney General
CARRIE PAGNUCCO
Chief, Housing and Civil Enforcement Section
AMIE S. MURPHY (NYRN 4147401)
Deputy Chief, Housing and Civil Enforcement Section
CHARLOTTE LANVERS (CABN 257814)
Trial Attorney, Housing and Civil Enforcement Section
Civil Rights Division
    U.S. Department of Justice
    950 Pennsylvania Avenue NW – 4CON
    Washington, DC 20530
    Telephone: (202) 305-5703
    Fax: (202) 514-1116
    Email: charlotte.lanvers@usdoj.gov

ISMAIL J. RAMSEY (CABN 189820)
United States Attorney
PAMELA T. JOHANN (CABN 145558)
Chief, Civil Division
EKTA DHARIA (NYRN 5219860)
Assistant United States Attorney
    450 Golden Gate Avenue
    San Francisco, California 94102-3495
    Telephone: (415) 436-7276
    Fax: (415) 436-6748
    Email: ekta.dharia@usdoj.gov

Attorneys for Plaintiff United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>AIRBNB, INC., SANDLOT05, LLC, JARROD BLAKE, individually and as owner of the SANDLOT05, LLC,<br><br>    Defendants. | CASE NO. 25-cv-348<br><br>**COMPLAINT**<br><br>DEMAND FOR JURY TRIAL |

The United States brings this action to enforce Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. § 3601, *et seq.* ("Fair Housing Act") This action is brought under 42 U.S.C. § 3612(o) on behalf of Charisse Ylitalo and Christopher Ylitalo, a married couple ("Complainants"), against Airbnb, Inc., Sandlot05, LLC, and Jarrod Blake individually and as the owner of Sandlot05, LLC (collectively, "Defendants"), for discriminating against Complainants because of their familial status.

The United States alleges as follows:

## I. JURISDICTION, VENUE, AND DIVISIONAL ASSIGNMENT

1. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1345, and 42 U.S.C. § 3612(o)(1).

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendant Airbnb, Inc., is headquartered in this district at 888 Brannan Street, San Francisco, CA 94103.

3. Divisional Assignment: Assignment to the San Francisco or Oakland Division is proper under Civil Local Rule 3-2(c) because Defendant Airbnb, Inc. is headquartered in San Francisco County.

## II. PARTIES

4. Plaintiff is the United States of America.

5. Defendant Airbnb, Inc. ("Airbnb") operates a website and mobile application for short- and long-term home rentals. Airbnb is incorporated in Delaware and headquartered in San Francisco, California.

6. Defendant Jarrod Blake ("Blake") was the owner of Sandlot05, LLC ("Sandlot05") at all relevant times.

7. Defendant Sandlot05 owned the apartment building at 2232 Jordan Lane Southwest, Huntsville, AL 35805 ("subject property") at all relevant times. Sandlot05 was incorporated in California in 2020 and owns three multifamily properties in Huntsville, Alabama, including the subject property.

8. The subject property is a "dwelling" within the meaning of 42 U.S.C. § 3602(b).

9. Blake was, at all relevant times, acting as an agent of Sandlot05, within the scope of his authority, and had actual or apparent authority from Sandlot05 to engage in the leasing, rental, and management of the subject property.

10. Sandlot05 is vicariously liable for Blake's discriminatory conduct.

11. Blake managed the subject property at all relevant times.

12. Blake is a resident of Santa Monica, California.

13. Ms. Ylitalo requested to rent an apartment to reside in with her three minor children at the subject property.

14. Complainants had just sold their home near Huntsville, Alabama and planned to move to Hawaii.

15. Mr. Ylitalo left Alabama during the summer of 2020 to begin a new job, and to search for housing and purchase a car before his family moved.

16. Ms. Ylitalo planned to stay near Huntsville for a few more months with their children. She sought housing in Huntsville because Complainants wanted their children to maintain continuity of their educational and social activities as much as possible before moving to Hawaii.

17. Complainants had three minor children living with them when Ms. Ylitalo requested to live at the subject property with their children.

18. Complainants are aggrieved persons under 42 U.S.C. § 3602(i)(1).

### III. FACTUAL ALLEGATIONS

#### A. Complainants' Requests to Rent the Subject Property

19. On or about June 28, 2020, Ms. Ylitalo requested to rent the subject property from Blake, who advertised and made the subject property available through Airbnb's website.

20. Under the section entitled House Rules, the listing stated: "Not suitable for children and infants."

21. Ms. Ylitalo requested the apartment from August 23, 2020 through November 23, 2000. In her request, she said that she has kids and noted that she would need to stay in the residence through Thanksgiving and possibly Christmas.

22. The same day, Blake declined the request.

1  23. Ms. Ylitalo resubmitted the request minutes later.

2  24. Blake responded, "This apartment is not suitable for kids."

3  25. Ms. Ylitalo responded, "My kids are 14, 9 & 11. I would understand if they were little but all they do is play video games. You do know that it is illegal to discriminate against people with children."

6  26. Blake did not respond to Ms. Ylitalo's message.

7  27. Later that day, Ms. Ylitalo contacted Airbnb Support via Airbnb's web portal and reported that she had been discriminated against based on familial status and that she wanted help with the reservation.

10  28. Airbnb Support said, "Checking the listing, it indicates that it is not suitable for children between 2-12 years old." Airbnb Support provided Ms. Ylitalo a link with listings where children can stay.

13  29. On August 5, 2020, Ms. Ylitalo sought more assistance from Airbnb Support and explained again that she had been denied a rental by an owner who stated that the property was not suitable for minors.

16  30. Airbnb Support responded, "there are listing[s] that does [sic] not allow kids, teens or infants depending on host" and "hosts are able to set there [sic] listings to be not suitable for children and are not required to host for guests with kids." Airbnb Support suggested that "it would be best" for Ms. Ylitalo to find a new listing.

20  31. Complainants tried to secure other housing near the subject property but failed. They eventually secured housing through a family friend in a location that was about an hour away from Huntsville by car.

23  32. On October 28, 2020, Ms. Ylitalo requested to rent a residence for her mother in the Huntsville area from February 1, 2021 through March 1, 2021. Because Airbnb provides general areas and not specific addresses at booking, Ms. Ylitalo did not realize that Blake managed this listing as well.

26  33. Although the request was for her mother and did not mention children staying on the property, Blake sent Ms. Ylitalo a message, "Please note that it's not a kid friendly building . . . just making sure because we had this conversation last time."

COMPLAINT
CASE NO: 25-cv-348                                4

34. The next day, Ms. Ylitalo replied that although her children would not stay there, she and her mother may "have the kids over there to visit and that doesn't seem to be okay," so she would cancel her reservation request.

35. Blake responded, "I appreciate your understanding the policy."

36. The listing also stated that the property was "[n]ot suitable for children and infants."

37. As a result of Defendants' discriminatory conduct, Complainants suffered actual damages, including lost housing opportunity, emotional distress, inconvenience, and out-of-pocket costs.

38. Ms. Ylitalo tried to maintain social continuity for the children as much as possible. Therefore, she drove her oldest son to football practice near Huntsville each day, waited for him to finish and then drove home.

39. During this period, Ms. Ylitalo needed help watching her two younger sons while she took her oldest son to football practice. Ms. Ylitalo's mother came from out of state to assist with childcare.

40. Complainants' two younger sons felt socially isolated and were left without the parental attention they needed during this time.

41. Complainants and their children experienced emotional distress from living so far from their community near Huntsville.

42. The distress became so acute that Mr. Ylitalo left his new job and returned to Alabama.

43. Mr. Ylitalo missed out on a promotion and returned to his prior job, which paid thousands of dollars less. He also incurred costs from the move, including shipping his new car.

**B. Airbnb's Platform, Content, and Tools for Creating Property Listings**

44. Airbnb is an internet platform through which persons desiring to book accommodations and persons listing accommodations available for booking ("Hosts") can locate each other and enter into direct agreements to reserve and book travel accommodations on a short- and long-term basis.

45. As part of its website and mobile application, Airbnb creates and provides content, tools, and templates from which Hosts may identify and select preferences for prospective renters, including the option to designate listed properties as not suitable for children or infants.

46. Airbnb's instructions for creating a listing on its platform explain how to set rules for children, infants, or pets, and advises Hosts that they can say a listing is not suitable for infants or children if there are features that pose an unusual risk of harm to children or damage to the property.

47. Airbnb provides Hosts with lists of features and rules they may select with a "check" or exclude with an "x" as well as a text field that allows them to include additional details about their listings.

48. The list of features and rules includes the option to designate a property as not suitable for children (2-12 years) and not suitable for infants (under 2 years).

49. Once Airbnb publishes the listing, Hosts' preferences are visible to prospective residents.

50. Airbnb Support relies on and reinforces Hosts' designated restrictions, including as to whether a property is suitable for children and infants.

## IV. HUD ADMINISTRATIVE PROCESS

51. On August 21, 2020, Ms. Ylitalo filed an administrative complaint with the U.S. Department of Housing and Urban Development ("HUD") alleging that Airbnb discriminated against them on the basis of familial status.

52. The complaint was later amended on January 14, 2021 to correct an address and add Blake and Sandlot05, LLC as respondents.

53. The complaint was amended again on August 29, 2023, to add allegations of a second incident of discrimination and Ms. Ylitalo's husband, Christopher Ylitalo, as an aggrieved party, and to correct a typographical error characterizing the allegations as being based on "disability" instead of the proper characterization, "familial status."

54. Pursuant to 42 U.S.C. § 3610, HUD completed an investigation of the complaint, attempted conciliation without success, and prepared a final investigative report.

55. Based on the information gathered in the investigation, HUD determined that reasonable cause exists to believe that Defendants violated the Fair Housing Act.

56. Accordingly, on September 27, 2024, HUD issued a Charge of Discrimination ("HUD Charge"), pursuant to 42 U.S.C. § 3610(g)(2)(A), charging Defendants with engaging in discriminatory housing practices.

57. On October 15, 2024, Blake and Sandlot05 timely elected to have the claims asserted in the HUD Charge resolved in a civil action under 42 U.S.C. § 3612(a).

58. On October 16, 2024, HUD authorized the Attorney General to commence a civil action under 42 U.S.C. § 3612(o).

## V. CAUSE OF ACTION: VIOLATION OF THE FAIR HOUSING ACT

59. The United States re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

60. Through the conduct described above, Defendants have:

   a. Discriminated in the rental of, or otherwise made unavailable or denied, a dwelling to Complainants and their children because of their familial status, in violation of 42 U.S.C. § 3604(a);

   b. Discriminated against Complainants and their children in the terms, conditions, or privileges of rental of the subject property, or in the provision of services or facilities in connection with it, because of their familial status, in violation of 42 U.S.C. § 3604(b); and

   c. Made, printed, or published, or caused to be made, printed, or published a notice, statement, or advertisement, with respect to the rental of a dwelling that indicates a preference, limitation, or discrimination based on familial status, or an intention to make any such preference, limitation, or discrimination, in violation of 42 U.S.C. § 3604(c).

61. Defendants' conduct, as described above, constitutes one or more "discriminatory housing practice[s]" within the meaning of 42 U.S.C. § 3602(f).

62. Defendants' discriminatory conduct was intentional, willful, or taken in disregard of or in reckless or callous indifference to the rights of others.

## VI. PRAYER FOR RELIEF

Plaintiff United States requests that this Court:

1. Declare that Defendants' conduct, as alleged in this complaint, violated the Fair Housing Act;

2. Enjoin Defendants, their agents, employees, successors, and all other persons in active concert or participation with any of them from:

a. Refusing to sell or rent after making a bona fide offer, or refusing to negotiate for the sale or rental of, or otherwise making unavailable or denying, a dwelling to any person on the basis of any protected characteristic, in violation of 42 U.S.C. § 3604(a);

b. Discriminating against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with it, on the basis of any protected characteristic, in violation of 42 U.S.C. § 3604(b);

c. Making, printing, or publishing, or causing to be made, printed, or published any notice, statement, or advertisement, with respect to the sale or rental of a dwelling that indicates any preference, limitation, or discrimination on the basis of any protected characteristic, in violation of 42 U.S.C. § 3604(c);

3. Enjoin Defendants from failing or refusing to take any affirmative steps needed to prevent the recurrence of any discriminatory or otherwise unlawful conduct in the future and eliminate, to the extent practicable, the effects of Defendants' discriminatory or otherwise unlawful conduct;

4. Require such action by Defendants as may be necessary to restore, as nearly as practicable, Complainants to the position they would have been in but for the discriminatory conduct;

5. Award damages to Complainants pursuant to 42 U.S.C. § 3612(o)(3); and

6. Award such additional relief as the interests of justice may require.

## VII.   DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues so triable.

Dated: January 10, 2025

Respectfully submitted,

MERRICK GARLAND  
Attorney General

ISMAIL J. RAMSEY  
United States Attorney  
Northern District of California

KRISTEN CLARKE  
Assistant Attorney General  
Civil Rights Division

CARRIE PAGNUCCO  
Chief  
Housing and Civil Enforcement Section

AMIE S. MURPHY  
Deputy Chief  
Housing and Civil Enforcement Section

EKTA DHARIA  
Assistant United States Attorney

*s/Charlotte Lanvers*  
CHARLOTTE LANVERS  
Trial Attorney  
Housing and Civil Enforcement Section

*Attorneys for the United States of America*