HARMEET K. DHILLON
Assistant Attorney General
CARRIE PAGNUCCO
Chief, Housing and Civil Enforcement Section
AMIE S. MURPHY (NYBN 4147401)
Deputy Chief, Housing and Civil Enforcement Section
KATIE LEGOMSKY (CABN 275571)
Trial Attorney, Housing and Civil Enforcement Section
        Civil Rights Division
        U.S. Department of Justice
        950 Pennsylvania Avenue NW – 4CON
        Washington, DC 20530
        Telephone: (202) 598-6587
        Fax: (202) 514-1116
        Email: kathryn.legomsky@usdoj.gov

Attorneys for Plaintiff United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 3:25-CV-00348-EMC |
| Plaintiff, | |
| v. | **AMENDED COMPLAINT** |
| | DEMAND FOR JURY TRIAL |
| AIRBNB, INC., SANDLOT05, LLC, JARROD BLAKE, individually and as owner of the SANDLOT05, LLC, | |
| Defendants. | |

The United States brings this action to enforce Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. § 3601, *et seq.* ("Fair Housing Act") This action is brought under 42 U.S.C. § 3612(o) on behalf of Charisse Ylitalo and Christopher Ylitalo ("Complainants"), against Airbnb, Inc., Sandlot05, LLC, and Jarrod Blake individually and as the owner of Sandlot05, LLC (collectively, "Defendants"), for discriminating against Complainants because of their familial status, and against Airbnb, Inc. pursuant to 42 U.S.C. § 3614(a).[1]

---

[1] On June 6, 2025, the United States settled its claims with Defendants Sandlot05, LLC and Jarrod Blake, and on June 10, 2025, the Court dismissed all claims against those Defendants with prejudice.

AMENDED COMPLAINT
CASE NO: 3:25-cv-00348-EMC                    1

The United States alleges as follows:

## I.  JURISDICTION, VENUE, AND DIVISIONAL ASSIGNMENT

1.    This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1345, 42 U.S.C. § 3612(o)(1), and 42 U.S.C. § 3614(a).

2.    Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendant Airbnb, Inc., is headquartered in this district at 888 Brannan Street, San Francisco, CA 94103.

3.    Divisional Assignment: Assignment to the San Francisco or Oakland Division is proper under Civil Local Rule 3-2(c) because Defendant Airbnb, Inc. is headquartered in San Francisco County.

## II.  PARTIES

4.    Plaintiff is the United States of America.

5.    Defendant Airbnb, Inc. ("Airbnb") operates a website and mobile application for short- and long-term home rentals. Airbnb is incorporated in Delaware and headquartered in San Francisco, California.

6.    Defendant Jarrod Blake ("Blake") was the owner of Sandlot05, LLC ("Sandlot05"), at all relevant times.

7.    Defendant Sandlot05 owned the 16-unit apartment building at 2232 Jordan Lane Southwest, Huntsville, AL 35805 ("subject property"), at all relevant times. Sandlot05 was incorporated in California in 2020 and owns three multifamily properties, including the subject property, in Huntsville, Alabama.

8.    The subject property is a "dwelling" within the meaning of 42 U.S.C. § 3602(b).

9.    Numerous other property rentals listed on Airbnb are "dwelling[s]" within the meaning of 42 U.S.C. § 3602(b).

10.    Blake was, at all relevant times, acting as an agent of Sandlot05, within the scope of his authority, and had actual or apparent authority from Sandlot05 to engage in the leasing, rental, and management of the subject property.

11.    Sandlot05 is vicariously liable for Blake's discriminatory conduct.

12.    Blake managed the subject property at all relevant times.

AMENDED COMPLAINT
CASE NO: 3:25-cv-00348-EMC                            2

13. Blake is a resident of Santa Monica, California.

14. Charisse Ylitalo ("Complainant") requested to rent an apartment to reside in with her three minor children at the subject property.

15. Complainants had just sold their home near Huntsville, Alabama and planned to move out of state.

16. Complainant's husband left Alabama during the summer of 2020 to begin a new job, and to search for housing and purchase a car before his family moved.

17. Complainant planned to stay near Huntsville for a few more months with their children. She sought housing in Huntsville because Complainants wanted their children to maintain continuity of their educational and social activities as much as possible before moving across the country.

18. Complainants had three minor children living with them when Ms. Ylitalo requested to live at the subject property with their children.

19. Complainants are aggrieved persons under 42 U.S.C. § 3602(i)(1).

### III. FACTUAL ALLEGATIONS

#### A. Complainant's Requests to Rent the Subject Property

20. On July 28, 2020, Complainant requested to rent the subject property from Blake, who advertised and made the subject property available through Airbnb's website.

21. Under the section entitled House Rules, the listing stated: "Not suitable for children and infants" next to an icon of a stroller with a strike through it.

**House rules**

- Check-in: After 3:00 PM
- Checkout: 9:00 AM
- Self check-in with lockbox
- Not suitable for children and infants
- No smoking
- No pets
- No parties or events

22.    Complainant requested the apartment from August 23, 2020 through November 23, 2020. In her request, she said that she has kids and noted that she would need to stay in the residence through Thanksgiving and possibly Christmas.

23.    The same day, Blake declined the request and stated, "I'm sorry but this apartment is not suitable for kids."

24.    Complainant resubmitted the request minutes later.

25.    Blake responded, "This apartment is not suitable for kids."

26.    Complainant responded, "My kids are 14, 9 & 11. I would understand if they were little but all they do is play video games. You do know that it is illegal to discriminate against people with children."

27.    Blake did not respond to Complainant.

28.    Later that morning, Complainant contacted Airbnb Support via Airbnb's web portal and reported that she had been discriminated against based on familial status and that she wanted help with the reservation. She stated, "I think I was discriminated against because I have children for this stay. My kids are 14, 9 & 11. . . . It is against fair housing to discriminate against children."

29.    Airbnb Support responded that a member of their team would get in touch soon.

30.    That afternoon, about four hours later, Airbnb Support had not yet responded, and Complainant asked, "Are you going to get back with me?" There was no response.

31.    That evening, over four hours later, Complainant sent two additional messages to Airbnb Support seeking help.

32.    In one of these message threads, Complainant explained: "I haven't heard back from you. I requested to book this room and was told I couldn't with children. I need to book before someone else books. I expected to hear back from you today. This is the only place left. It is illegal to discriminate against people with children. . . . I have no where [sic] else to stay."

33.    Airbnb responded: "Do you still want the same property where the host denied your request? I would suggest for you to look for another property that is available the dates you want."

AMENDED COMPLAINT
CASE NO: 3:25-cv-00348-EMC                    4

34. Complainant responded: "Yes, I still want the property where the host denied me. There is nothing else!!!"

35. Airbnb Support told her to wait for a case manager to get in touch with her.

36. In the other message thread, Complainant explained, "I emailed earlier and was told I cannot book with children. It is illegal to discriminate against children. I need to book before someone else books."

37. Airbnb Support responded, "Checking the listing, it indicates that it is not suitable for children between 2-12 years old. You may use this link providing listings that children can stay." Airbnb Support provided Complainant a link that appears to reflect a search for apartments in Huntsville, Alabama, from August 23-November 23, for three adults and one child (". . . &adults=3&children=1&. . .."). (Complainant needed the apartment for one adult and three children.)

38. The following morning, on July 29, 2020, Complainant told Airbnb Support she still needed help. Airbnb responded that the issue had been sent to an Airbnb support specialist, and to expect a reply within 24 hours.

AMENDED COMPLAINT
CASE NO: 3:25-cv-00348-EMC                         5

39.    Finally, on August 5, 2020, Airbnb Support reemerged to ask if Complainant still needed assistance, and specifically what she needed assistance with.

40.    Complainant again explained, "I haven't heard from anyone. I was denied because I have kids."

41.    Airbnb Support responded: "Hosts are able to set there [sic] listings to be not suitable for children and are not required to host for guests with kids, if that is the case here you will need to try and locate a new listing . . . . If the host is not willing to allow children for whatever the reason may be, which I am not privy to of course as it is a personal choice, it would be best to find a new listing."

> **Airbnb Support** 2:28 PM
> Hosts are able to set there listings to be not suitable for children and are not required to host for guests with kids, if that is the case here you will need to try and locate a new listing
>
> I know the situation isn't ideal, but If the host is not willing to allow children for whatever the reason may be, which I am not privy to of course as it is a personal choice, it would be best to find a new listing.

42.    On August 25, 2020, in response to one of Complainant's July 28, 2020 message threads, Airbnb sent a message acknowledging that Complainant "felt discrimination," apologizing for the "inconvenience," and stating: "I just want to let you know that there are listing that does [sic] not allow kids, teens or infants depending on host."

> I want to apologize if you feel that way. Rest assured that this will be fully documented on the account. I just want to let you know there are listing that does not allow kids, teens or infants depending on host.

43.    In total, Complainant interacted with five different Airbnb Support representatives, as well as additional Airbnb "bots" and had to re-explain the complaint several times.

44.    In total, four different Airbnb Support representatives admitted that Airbnb permits hosts to indicate listings are not suitable for children of various ages, admitted that hosts can decline to rent to families with children, and/or recommended looking for another property instead.

45.     Complainants tried to secure other housing nearby but failed. They eventually secured housing through a family friend in a location that was about an hour away from Huntsville by car.

46.     On October 28, 2020, Complainant requested to rent a residence for her mother in the Huntsville area from February 1, 2021 through March 1, 2021. Complainant did not realize that Blake managed this listing as well.

47.     Unprompted, Blake sent Complainant a message, "Please note that it's not a kid friendly building . . . just making sure because we had this conversation last time."

48.     The next day, Complainant replied that although her children would not stay there, they may "have the kids over there to visit and that doesn't seem to be okay," so she would cancel her reservation request.

49.     Blake responded, "I appreciate your understanding the policy."

50.     The listing also stated that the property was "[n]ot suitable for children and infants."

51.     As a result of Defendants' discriminatory conduct, Complainants suffered actual damages, including lost housing opportunity, emotional distress, inconvenience, and out-of-pocket costs.

52.     For example, complainant tried to maintain social continuity for the children as much as possible. Therefore, she drove her oldest son to football practice near Huntsville each day, waited for him to finish and then drove home.

53.     During this period, Complainant needed parental support for her two younger sons. Complainant's mother came from out of state to assist with childcare.

54.     Complainants' two younger sons felt socially isolated and were left without the parental attention they needed during this time.

55.     Complainant and Complainants' children experienced emotional distress from living so far from their community near Huntsville.

56.     The distress became so acute that Complainant's husband left his new job and returned to Alabama.

57.     Complainant's husband missed out on a promotion and returned to his prior job which paid thousands of dollars less. He also incurred costs from the move, including shipping his new car.

AMENDED COMPLAINT
CASE NO: 3:25-cv-00348-EMC                    7

### B. Airbnb's Platform, Content, and Tools for Creating Property Listings

58.    Airbnb is an internet platform through which persons desiring to book accommodations and persons listing accommodations available for booking ("Hosts") can locate each other and enter into direct agreements to reserve and book travel accommodations on a short- and long-term basis.

59.    As part of its website and mobile application, Airbnb creates and provides content, tools, and templates from which Hosts may identify and select preferences for prospective renters, including the option to designate properties as not suitable for children or infants.

60.    Airbnb's instructions for creating a listing on its platform explain how to set rules for children, infants or pets, and advises Hosts that they can say a listing is not suitable for infants or children if there are features that pose an unusual risk of harm to children or damage to the property.

61.    Airbnb provides Hosts with lists of features and rules they may select with a "check" or exclude with an "x" as well as a text field that allows them to include additional details about their listings.

62.    The list of features and rules include the option to designate a property as not suitable for children (2-12 years) and not suitable for infants (under 2 years).

63.    Once Airbnb publishes the listing, Hosts' preferences are visible to prospective residents.

64.    In at least 2020 and 2021, Airbnb placed designations stating a property was not suitable for children or infants in the "House rules" section of listings.

65.    At some point since then, Airbnb moved such designations to the "Safety considerations" section of listings.

66.    Airbnb provides several other options hosts may designate under "Safety considerations" that are distinct from the not suitable for children or infants designations. These include: "Pool or hot tub doesn't have a gate or lock," "Nearby water, like a lake or river," "Climbing or play structure(s) on the property," "There are heights without rails or protection," and "Potentially dangerous animal(s) on the property" (or words to this effect).

67.    Airbnb Support relies on and reaffirms Hosts' designated features and restrictions, including whether a property is suitable for children and infants.

AMENDED COMPLAINT
CASE NO: 3:25-cv-00348-EMC                    8

68.    Airbnb's platform, content, and tools for creating property listings as described above apply uniformly to both short- and long-term home rentals.

69.    Airbnb has pre-populated and other features enabling listings to indicate they are available for long-term rentals. For example, listings may include near the top of the page a summary of ratings by long-term renters, such as "Perfect ratings for long stays," "100% of long-term guests who stayed here in the past year rated it 5 stars overall."

☆    **Perfect ratings for long stays**
100% of long-term guests who stayed here in the past year rated it 5 stars overall.

70.    For another example, listings may include near the top of the page that the rental includes "Amenities for everyday living," such as stating, "The host has equipped this place for long stays," and adding detail about what is included.

🍴    **Amenities for everyday living**
The host has equipped this place for long stays—kitchen, washer, dryer, and AC included.

71.    Additionally, descriptions of the rental under "About this space" and in reviews may indicate that the rental is long-term.

**C.  Other Airbnb Property Listings**

72.    Numerous Airbnb property listings in the United States, including for long-term rentals, state that the property is "not suitable for" children and/or infants.

73.    Listings stating "not suitable for children and infants" or "not suitable for infants (under 2 years)" include an icon of a baby in a stroller with a strike through it. Listings stating "not suitable for children (2-12 years)" include an icon of a child holding a balloon with a strike through it.

**Safety considerations**

🚫 Not suitable for children (2-12 years)
"Listing not recommended for children under 12, property near busy road"

**Safety considerations**

🚫 Not suitable for infants (under 2 years)

AMENDED COMPLAINT
CASE NO: 3:25-cv-00348-EMC                    9

74.    For example, one listing for an entire unit in Atlanta with two sleeping areas that is equipped for long stays says it is not suitable for children and infants, adding "No children allowed."



Safety considerations

Not suitable for children and infants
"No children allowed"

75.    For another example, an entire two-bedroom bungalow in Nashville equipped for long stays says it is not suitable for infants, without providing any explanation.

76.    Additional examples of long-term rentals stating they are not suitable for children and/or infants include the following:

 (a)    an entire two-bedroom rental in Queens encouraging professionals to book extended stays of 90+ or 180+ days states it is not suitable for children and infants;

 (b)    a New York listing equipped for long stays with two sleeping areas states it is not suitable for children and infants;

 (c)    a two-bedroom long-term rental in Chicago states it is not suitable for children and infants;

 (d)    a long-term rental of a loft in Los Angeles with two beds states it is not suitable for children ages 2-12;

 (e)    an entire rental apartment in Dallas with two beds states it is not suitable for children ages 2-12; and

 (f)    an entire two-bedroom home in Cleveland for up to 5 guests says it is not suitable for infants under age two.

77.    Some listings include additional detail or explanations. For example, a long-term listing for an entire apartment in Brooklyn with two beds for up to 3 guests states it is not suitable for children and infants. The accompanying explanation states: "The apartment has a showers [sic] but no bathtub. Access is via two flights of stairs. There is no storage space available for strollers and baby carriages."

AMENDED COMPLAINT
CASE NO: 3:25-cv-00348-EMC      10

> **Safety considerations**
>
>  Not suitable for children and infants
> "The apartment has a showers but no bathtub. Access is via two flights of stairs. There is no storage space available for strollers and baby carriages."

78. For another example, a listing for an entire home in Nashville equipped for long stays states that it is not suitable for children and infants. The accompanying explanation states: "This home has not been appropriately safeguarded for children. The stairwell and electrical outlets are open and cabinets do not lock."

> **Safety considerations**
>
>  Not suitable for children and infants
> "This home has not been appropriately safeguarded for children. The stairwell and electrical outlets are open and cabinets do not lock. "

79. Airbnb also permits listings to include detail or explanations outside of the "Safety considerations" section. For example, one "not suitable for children and infants" listing for a long-term entire two-bedroom rental in Cleveland states under "About this space," that "no young children are permitted to stay in this property due to safety concerns from the staircase to the configuration of this old property," and states under "Additional rules" that "No young children under 12 and no pets allowed."

> **Additional rules**
>
> This is a smoke free environment. Absolutely no smokers please.
> No young children under 12 and no pets allowed.

### IV. HUD ADMINISTRATIVE PROCESS

80. On August 21, 2020, Complainants filed a complaint with the U.S. Department of Housing and Urban Development ("HUD") alleging that Airbnb discriminated against them on the basis of familial status.

AMENDED COMPLAINT
CASE NO: 3:25-cv-00348-EMC                    11

81. The complaint was later amended on January 14, 2021 to correct an address and add Blake and Sandlot05, LLC.

82. The complaint was amended again on August 29, 2023, to add allegations of a second incident of discrimination and Complainant's husband, Chirstopher Ylitalo, as an aggrieved party, and to correct a typographical error characterizing the allegations as being based on "disability" instead of the proper characterization, "familial status."

83. Pursuant to 42 U.S.C. § 3610, HUD completed an investigation of the complaint, attempted conciliation without success, and prepared a final investigative report.

84. Based on the information gathered in the investigation, HUD determined that reasonable cause exists to believe that Defendants violated the Fair Housing Act.

85. Accordingly, on September 27, 2024, HUD issued a Charge of Discrimination, pursuant to 42 U.S.C. § 3610(g)(2)(A), charging Defendants with engaging in discriminatory housing practices.

86. On October 15, 2024, Blake and Sandlot05 timely elected to have the claims asserted in the HUD Charge resolved in a civil action under 42 U.S.C. § 3612(a).

87. On October 16, 2024, HUD authorized the Attorney General to commence a civil action under 42 U.S.C. § 3612(o).

### V.  CAUSE OF ACTION: VIOLATION OF THE FAIR HOUSING ACT

88. The United States re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

89. Through the conduct described above, Defendants have:

a. Discriminated in the rental of, or otherwise made unavailable or denied, a dwelling to Complainants and their children because of their familial status, in violation of 42 U.S.C. § 3604(a);

b. Discriminated against Complainants and their children in the terms, conditions, or privileges of rental of the subject property, or in the provision of services or facilities in connection with it, because of their familial status, in violation of 42 U.S.C. § 3604(b);

c. Made, printed, or published, or caused to be made, printed, or published a notice, statement, or advertisement, with respect to the rental of a dwelling that indicates a preference,

limitation, or discrimination based on familial status, or an intention to make any such preference, limitation, or discrimination, in violation of 42 U.S.C. § 3604(c); and

90.     The conduct of Defendant Airbnb described above constitutes a pattern or practice of resistance to the full enjoyment of rights secured by the Fair Housing Act, and a denial to a group of persons of rights granted by the Fair Housing Act, which denial raises an issue of general public importance, within the meaning of 42 U.S.C. § 3614(a).

91.     Other families with children who have been injured by Defendant Airbnb's discriminatory practice are "aggrieved persons" as defined in 42 U.S.C. § 3602(i), and have suffered damages as a result of Airbnb's discriminatory conduct.

92.     Defendants' conduct, as described above, constitutes one or more "discriminatory housing practice[s]" within the meaning of 42 U.S.C. § 3602(f).

93.     Defendants' discriminatory conduct was intentional, willful, or taken in disregard of or in reckless or callous indifference to the rights of others.

## VI.   PRAYER FOR RELIEF

Plaintiff United States requests that this Court:

1.     Declare that Defendants' conduct, as alleged in this complaint, violated the Fair Housing Act;

2.     Enjoin Defendants, their agents, employees, successors, and all other persons in active concert or participation with any of them from:

a.     Refusing to sell or rent after making a bona fide offer, or refusing to negotiate for the sale or rental of, or otherwise making unavailable or denying, a dwelling to any person on the basis of any protected characteristic, in violation of 42 U.S.C. § 3604(a);

b.     Discriminating against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with it, on the basis of any protected characteristic, in violation of 42 U.S.C. § 3604(b);

c.     Making, printing, or publishing, or causing to be made, printed, or published any notice, statement, or advertisement, with respect to the sale or rental of a dwelling that indicates any preference, limitation, or discrimination on the basis of any protected characteristic, in violation of 42

AMENDED COMPLAINT
CASE NO: 3:25-cv-00348-EMC                    13

U.S.C. § 3604(c);

3.      Enjoin Defendants from failing or refusing to take any affirmative steps needed to prevent the recurrence of any discriminatory or otherwise unlawful conduct in the future and eliminate, to the extent practicable, the effects of Defendants' discriminatory or otherwise unlawful conduct;

4.      Require such action by Defendants as may be necessary to restore, as nearly as practicable, Complainants to the position they would have been in but for the discriminatory conduct;

5.      Award damages to Complainants pursuant to 42 U.S.C. § 3612(o)(3);

6.      Award damages to any other aggrieved persons pursuant to 42 U.S.C. § 3614(d)(1)(B)

7.      Award a civil penalty pursuant to 42 U.S.C. § 3614(d)(1)(C); and

8.      Award such additional relief as the interests of justice may require.

## VII.   DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues so triable.

Dated: March 13, 2026                                Respectfully submitted,

PAMELA BONDI
Attorney General

HARMEET K. DHILLON
Assistant Attorney General
Civil Rights Division

CARRIE PAGNUCCO
Chief
Housing and Civil Enforcement Section

AMIE S. MURPHY
Deputy Chief
Housing and Civil Enforcement Section


*s/Katie Legomsky*
KATIE LEGOMSKY
Trial Attorney
Housing and Civil Enforcement Section

*Attorneys for the United States of America*

AMENDED COMPLAINT
CASE NO: 3:25-cv-00348-EMC                      14

## CERTIFICATE OF COMPLIANCE WITH FED. R. CIV. P. 15(a)(2)

I certify that, on March 6, 2026, Airbnb provided written consent to the United States' filing of the foregoing Amended Complaint.


_s/Katie Legomsky_
KATIE LEGOMSKY
Trial Attorney
Housing and Civil Enforcement Section

_Attorneys for the United States of America_

AMENDED COMPLAINT
CASE NO: 3:25-cv-00348-EMC                    15