**MORGAN, LEWIS & BOCKIUS LLP**
Stephanie Schuster (pro hac vice)
Amanda B. Robinson*
1111 Pennsylvania Avenue NW
Washington DC 20004
T: 202.739.3000
F: 202.739.3001
stephanie.schuster@morganlewis.com
amanda.robinson@morganlewis.com

Michelle Park Chiu, State Bar No. 248421
600 Montgomery Street
Suite 2300
San Francisco, CA 94111-2725
T: 415.442.1000
F: 415.442.1001
michelle.chiu@morganlewis.com

*Attorneys for Defendant Airbnb, Inc.*

**pro hac vice* application forthcoming

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:25-cv-00348-EMC |
| Plaintiff, | **DEFENDANT AIRBNB, INC.'S ANSWER TO AMENDED COMPLAINT** |
| vs. | |
| AIRBNB, INC., | |
| Defendant. | |

Pursuant to Federal Rule of Civil Procedure 8(b), Defendant Airbnb, Inc., by and through counsel, hereby states for its Answer to the Amended Complaint (ECF No. 74) as follows:

## **GENERAL DENIAL**

1.     Pursuant to Federal Rule of Civil Procedure 8(b)(3), Defendant generally denies all allegations contained in the Amended Complaint except those specifically admitted in this Answer. This qualified general denial applies to all allegations in the Amended Complaint, including any allegations deemed to be included in the prayer for relief or unnumbered paragraphs, headings, footnotes, figures, or exhibits.

2.     For certain allegations, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore those allegations are denied. Defendant states it lacks such knowledge or information to form a belief about the truth of the allegations contained in the following Paragraphs in Plaintiff's Amended Complaint: ¶¶ 6, 10-13, 15-18, 27, 45, 52-57, 83-84, 87. Therefore, these allegations are denied.

3.     Any response to any allegation should not be construed as a concession that an allegation is factual in nature instead of a legal conclusion, or vice-versa.

## **SPECIFIC ADMISSIONS**

**Paragraph 3**: Defendant admits that its headquarters are in San Francisco, California. Any remaining allegations in Paragraph 3 are denied.

**Paragraph 4**: Defendant admits that Plaintiff is the United States of America.

**Paragraph 5**: Defendant admits that it is a Delaware corporation with headquarters in San Francisco, California. Any remaining allegations in Paragraph 5 are denied.

**Paragraph 20**: Defendant admits that, on July 28, 2020, using the Airbnb online marketplace, someone using an Airbnb account registered to Christopher Ylitalo requested to book a reservation at a listing created and offered by an account registered to former Defendants Jarrod Blake and/or Sandlot05 LLC ("Blake"), and that this request to book was made of, to, and from Blake. The remaining allegations in Paragraph 20 are denied.

**Paragraph 21**: Defendant admits that the listing created by Blake included the quoted language. Any remaining allegations in Paragraph 21 are denied.

**Paragraph 22**: Defendant admits that, using the Airbnb online marketplace, someone using

DEFENDANT AIRBNB, INC.'S
ANSWER TO AMENDED COMPLAINT
3:25-CV-00348-EMC

an Airbnb account registered to Christopher Ylitalo requested to book a reservation at a listing offered by Blake for a stay to begin on August 23, 2020. The remaining allegations in Paragraph 22 are denied.

**Paragraph 23**: Defendant admits that Blake declined the booking request. Defendant further admits that Blake sent a message that included the quoted language. Any remaining allegations in Paragraph 23 are denied.

**Paragraph 24**: Defendant admits that on July 28, 2020, using the Airbnb online marketplace, someone using an Airbnb account registered to Christopher Ylitalo submitted a second request to book a reservation at the same listing offered by Blake. Any remaining allegations in Paragraph 24 are denied.

**Paragraph 25:** Defendant admits that Blake sent a message that included the quoted language. Any remaining allegations in Paragraph 25 are denied.

**Paragraph 26:** Defendant admits that someone using an Airbnb account registered to Christopher Ylitalo sent a message to Blake that included the quoted language. Any remaining allegations in Paragraph 26 are denied.

**Paragraph 28:** Defendant admits that, on July 28, 2020, someone using an Airbnb account registered to Christopher Ylitalo sent a message to Airbnb Customer Support that alleged discrimination by a host and included the quoted language. Any remaining allegations in Paragraph 28 are denied.

**Paragraph 29:** Defendant admits that, on July 28, 2020, a customer support agent sent a message to someone using an Airbnb account registered to Christopher Ylitalo. Any remaining allegations in Paragraph 29 are denied.

**Paragraph 30:** Defendant admits that, on July 28, 2020, someone using an Airbnb account registered to Christopher Ylitalo sent a message to Airbnb Customer Support that included the quoted language. Any remaining allegations in Paragraph 30 are denied.

**Paragraph 31:** Defendant admits that, on July 28, 2020, someone using an Airbnb account registered to Christopher Ylitalo sent messages to Airbnb Customer Support. Any remaining

allegations in Paragraph 31 are denied.

**Paragraph 32:** Defendant admits that, on July 28, 2020, someone using an Airbnb account registered to Christopher Ylitalo sent a message to Airbnb Customer Support that included the quoted language. Any remaining allegations in Paragraph 32 are denied.

**Paragraph 33:** Defendant admits that, on July 28, 2020, a customer support agent sent a message to someone using an Airbnb account registered to Christopher Ylitalo that included the quoted language. Any remaining allegations in Paragraph 33 are denied.

**Paragraph 34:** Defendant admits that, on July 28, 2020, someone using an Airbnb account registered to Christopher Ylitalo sent a message to Airbnb Customer Support that included the quoted language. Any remaining allegations in Paragraph 34 are denied.

**Paragraph 35:** Defendant admits that, on July 28, 2020, a customer support agent sent a message to someone using an Airbnb account registered to Christopher Ylitalo. Any remaining allegations in Paragraph 35 are denied.

**Paragraph 36:** Defendant admits that, on July 28, 2020, someone using an Airbnb account registered to Christopher Ylitalo sent a message to Airbnb Customer Support that included the quoted language. Any remaining allegations in Paragraph 36 are denied.

**Paragraph 37:** Defendant admits that, on July 28, 2020, a customer support agent sent a message to someone using an Airbnb account registered to Christopher Ylitalo that included the quoted language. Any remaining allegations in Paragraph 37 are denied.

**Paragraph 38:** Defendant admits that, on July 29, 2020, someone using an Airbnb account registered to Christopher Ylitalo sent a message to Airbnb Customer Support, and a customer support agent responded to that message. Any remaining allegations in Paragraph 38 are denied.

**Paragraph 39:** Defendant admits that, on August 5, 2020, a customer support agent sent a message to someone using an Airbnb account registered to Christopher Ylitalo. Any remaining allegations in Paragraph 39 are denied.

**Paragraph 40:** Defendant admits that someone using an Airbnb account registered to Christopher Ylitalo sent a message to Airbnb Customer Support that included the quoted language.

Any remaining allegations in Paragraph 40 are denied.

**Paragraph 41:** Defendant admits that a customer support agent sent a message to someone using an Airbnb account registered to Christopher Ylitalo that included the quoted language. Any remaining allegations in Paragraph 41 are denied.

**Paragraph 42:** Defendant admits that, on August 25, 2020, a customer support agent sent a message to someone using an Airbnb account registered to Christopher Ylitalo. Any remaining allegations in Paragraph 42 are denied.

**Paragraph 46**: Defendant admits that, on October 28, 2020, someone using an Airbnb account registered as Christopher Ylitalo requested to book a reservation at a listing offered by Blake. Any remaining allegations in Paragraph 46 are denied.

**Paragraph 47**: Defendant admits that Blake sent a message that included the quoted language. Any remaining allegations in Paragraph 47 are denied.

**Paragraph 48**: Defendant admits that, on October 29, 2020, someone using an Airbnb account registered to Christopher Ylitalo sent a message that included the quoted language. Any remaining allegations in Paragraph 48 are denied.

**Paragraph 49**: Defendant admits that Blake sent a message that included the quoted language. Any remaining allegations in Paragraph 49 are denied.

**Paragraph 50**: Defendant admits that the listing created by Blake included the quoted language. Any remaining allegations in Paragraph 50 are denied.

**Paragraph 58**: Defendant admits that Airbnb offers an online marketplace that caters to persons seeking accommodations ("guests") and persons offering accommodations for bookings ("hosts"), and that any bookings are accomplished via and result in agreements between hosts and guests. Any remaining allegations in Paragraph 58 are denied.

**Paragraph 80**: Defendant admits that, on August 21, 2020, Charisse Ylitalo filed a complaint with the U.S. Department of Housing and Urban Development against Defendant and asserted discrimination on the basis of, among other things, familial status. Any remaining allegations in Paragraph 80 are denied.

DEFENDANT AIRBNB, INC.'S
ANSWER TO AMENDED COMPLAINT
3:25-CV-00348-EMC

**Paragraph 81**: Defendant admits that, on January 14, 2021, Charisse Ylitalo submitted an amended complaint to the U.S. Department of Housing and Urban Development in which she, among other things, changed the address of the alleged property in question and added Jarrod Blake as a respondent. The remaining allegations in Paragraph 81 are denied.

**Paragraph 82**: Defendant admits that, on August 29, 2023, Charisse Ylitalo submitted a second amended complaint to the U.S. Department of Housing and Urban Development in which she, among other things, listed Christopher Ylitalo as an aggrieved person, changed an allegation of discrimination on the basis of "disability" to discrimination on the basis "familial status," and added allegations about interactions with Blake on or around October 28, 2020. The remaining allegations in Paragraph 82 are denied.

**Paragraph 85**: Defendant admits that in September 2024, the U.S. Department of Housing and Urban Development issued a charge of discrimination. The remaining allegations in Paragraph 85 are denied.

**Paragraph 86**: Defendant admits that Blake elected to have the charge of discrimination litigated in federal court. Any remaining allegations in Paragraph 86 are denied.

## AFFIRMATIVE AND OTHER DEFENSES

By asserting the matters set forth in the defenses below, Defendant does not allege or admit that it has the burden of proof and/or the burden of persuasion with respect to any of these matters. Subject to the foregoing, to further investigation, and to discovery, Defendant states the following for its defenses, including its affirmative defenses.

1.     Plaintiff's claims fail because Defendant does not, and at all relevant times did not, own, lease, operate, manage, or control the Subject Property, as defined in the Amended Complaint, or any other property or property listings identified in the Amended Complaint (collectively, the "Properties").

2.     Plaintiff's claims fail because Defendant does not, and at all relevant times did not, sell or rent the Properties or have the power or authority to sell or rent the Properties identified in the Amended Complaint.

DEFENDANT AIRBNB, INC.'S
ANSWER TO AMENDED COMPLAINT
3:25-CV-00348-EMC

3.    Plaintiff's claims fail because Defendant does not, and at all relevant times did not, negotiate for the sale or rental of the Properties or have the power or authority to negotiate for the sale or rental of the Properties.

4.    Plaintiff's claims fail because Defendant does not, and at all relevant times did not, make unavailable or deny the Properties to complainants or any third-party, or have the power or authority to make unavailable or deny the Properties to complainants or to any third-party.

5.    Plaintiff's claims fail because Defendant does not, and at all relevant times did not, have any power, authority, or standing regarding the terms, conditions, or privileges of any sale or rental of the Properties to complainants or to any third-party.

6.    Plaintiff's claims fail because Defendant does not, and at all relevant times did not, provide services or facilities in connection with the terms, conditions, or privileges of any sale or rental of the Properties.

7.    Plaintiff's claims fail because Defendant did not make, print, or publish, or cause to be made, printed, or published, any notice, statement, or advertisement that indicates a preference based on familial status or an intention to make any such a preference.

8.    Plaintiff's claims fail because the Properties are not "dwellings" within the meaning of the Fair Housing Act, 42 U.S.C. § 3601 et seq.

9.    Plaintiff's claims fail because the relevant provisions of the Fair Housing Act are void for vagueness under the Due Process Clause of the Fifth Amendment as applied in this case.

10.    Plaintiff's claims fail because Defendant has not engaged in discrimination on the basis of familial status.

11.    Plaintiff's claims fail because Defendant does not, and at all relevant times did not, engage in a pattern or practice of discrimination on the basis of familial status.

12.    Plaintiff's claims fail because Defendant's actions are necessary to achieve a legitimate, non-discriminatory business objective and no less discriminatory alternative exists to achieve the same goal.

13.    Plaintiff's claims fail because Defendant's actions are protected and entitled to

DEFENDANT AIRBNB, INC.'S
ANSWER TO AMENDED COMPLAINT
3:25-CV-00348-EMC

immunity under Section 230 of the Communications Decency Act, 47 U.S.C. § 230.

14. Plaintiff's claims fail because Defendant's actions are protected by the First Amendment to the U.S. Constitution.

15. Plaintiff's claims fail because the acts or omissions of Plaintiff and/or the acts or omissions of others not parties to this lawsuit that were the cause of Plaintiff's alleged injuries and/or damages were acts beyond the control of Defendant for which the Defendant is not liable.

16. Plaintiff's claims fail for lack of proximate causation.

17. Plaintiff's claims fail because the claim is barred by the applicable statutes of limitations.

18. Plaintiff's claims are barred by the doctrines of waiver, laches, and/or estoppel.

19. Plaintiff's claims fail because the Amended Complaint fails to state a claim upon which relief may be granted.

20. Plaintiff's claims fail for failure to mitigate damages.

WHEREFORE, Defendant respectfully requests that this Court dismiss the Amended Complaint with prejudice, enter judgment against Plaintiff, and award Defendant reasonable attorneys' fees and costs.

Dated: March 27, 2026                              **MORGAN, LEWIS & BOCKIUS LLP**

By:  _/s/ Stephanie Schuster_
Stephanie Schuster
Amanda B. Robinson
Michelle Park Chiu

*Counsel for Defendant Airbnb, Inc.*

DEFENDANT AIRBNB, INC.'S
ANSWER TO AMENDED COMPLAINT
3:25-CV-00348-EMC